IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. VALLEJO

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

KYLE VALLEJO, APPELLANT.

Filed November 20, 2018.    No. A-18-169.

Appeal from the District Court for Hall County: TERESA K. LUTHER, Judge. Affirmed.

Mark Porto, of Porto Law Office, for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

MOORE, Chief Judge, and RIEDMANN and WELCH, Judges.

RIEDMANN, Judge.

INTRODUCTION

Kyle Vallejo appeals his convictions in the district court for Hall County of first degree sexual assault of a child and incest. On appeal, he challenges the district court's rulings on a motion to suppress and motion in limine and claims that his trial counsel was ineffective in failing to advise him to testify. We conclude that the record is insufficient to address the ineffective assistance of counsel claim but find no merit to the remaining arguments raised on appeal. We therefore affirm.

BACKGROUND

On December 9, 2015, Grand Island police officers responded to Vallejo's residence after receiving a 911 hang-up call. The officers entered the residence and located Vallejo and his wife, Aide Vallejo, arguing in the basement. After Aide was escorted upstairs, one of the officers asked Vallejo what was going on, and Vallejo said that he had gone into the bedroom of his 15-year-old stepdaughter, A.A., to say goodnight. Vallejo told the officer that A.A. wanted him to lie down

- 1 -

with her in bed, so he did, and as he was getting out of her bed, Aide entered the bedroom. Vallejo reported that Aide pulled the sheets off of A.A., and A.A. was not wearing any boxer shorts. Vallejo commented that A.A. "sleeps loose."

Vallejo denied having any sexual or inappropriate contact with A.A., as did A.A. initially. However, several months later, A.A. disclosed that she had been having sexual intercourse with Vallejo, and he was ultimately charged with first degree sexual assault of a child and incest.

Prior to trial, Vallejo filed a motion to suppress the statements he made to the police at his residence on December 9, 2015. The district court granted the motion to suppress. On the morning of trial, however, the State asked the court to reconsider its ruling, and after considering the matter, the court reversed its previous decision, finding that the statements Vallejo initially made to officers at his residence were admissible.

Also prior to trial, the State filed a motion in limine to exclude from trial any evidence that A.A. had disclosed to Aide and Vallejo that she believed she was inappropriately touched by a cousin when she was 4 or 5 years old. At the conclusion of a hearing on the matter, the district court reserved ruling on the motion, but ultimately granted it, refusing to allow Vallejo to adduce such evidence at trial.

A jury trial was held over the course of several days in December 2017. The details of the evidence presented at trial are not relevant to the issues raised on appeal, but the evidence generally established that A.A., born in 2000, is Aide's daughter, and Aide and Vallejo began a dating relationship in 2004 and were married in 2011. A.A. testified at trial that during the summer of 2014, when she was 14 years old and Vallejo was 41 years old, she and Vallejo began engaging in oral sex, digital penetration, and sexual intercourse. She estimated that she and Vallejo had sex between 50 and 100 times from the summer of 2014 until December 2015.

The jury found Vallejo guilty of both charges. He was sentenced to 20 to 30 years' imprisonment for the sexual assault charge and a concurrent term of 3 to 4 years for incest. He now appeals to this court.

## ASSIGNMENTS OF ERROR

Vallejo assigns, restated, that the district court erred in denying his motion to suppress the statements he made to police and granting the State's motion in limine. He also claims that his trial counsel was ineffective in failing to advise him to testify as a witness at trial.

## ANALYSIS

*Motion to Suppress.*

Vallejo first argues that the district court erred in denying his motion to suppress the statements he made to police at his residence. He claims that the statements were made during a custodial interrogation and that he had not been read his *Miranda* rights as required. We find it unnecessary to address whether Vallejo's statements were made in the context of a custodial interrogation because the evidence was cumulative of other evidence properly admitted at trial, and thus, any error in the admission of the statements was harmless beyond a reasonable doubt.

An error in admitting or excluding evidence in a criminal trial, whether of constitutional magnitude or otherwise, is prejudicial unless the error was harmless beyond a reasonable doubt.

*State v. Lester*, 295 Neb. 878, 898 N.W.2d 299 (2017). Harmless error review looks to the basis on which the jury actually rested its verdict; the inquiry is not whether in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the actual guilty verdict rendered was surely unattributable to the error. *Id.* Where the evidence is cumulative and there is other competent evidence to support the conviction, the improper admission or exclusion of evidence is harmless beyond a reasonable doubt. *Id.*

In the instant case, assuming without deciding that admission of Vallejo's statements was erroneous, such error was harmless because the evidence was cumulative of other properly admitted evidence. At trial, a police officer testified that when he responded to Vallejo's residence on December 9, 2015, Vallejo told him that he had been watching television and went to check on his children. Vallejo reported that he then went into A.A.'s bedroom and laid down with her in her bed. Vallejo told the officer that A.A. often asked him to lay with her. According to the officer, Vallejo told him that Aide then walked into A.A.'s bedroom and pulled the sheets off of A.A. The officer testified that Vallejo made the comment that A.A. "sleeps loose" but that Vallejo did not elaborate on what he meant by that phrase.

The officer's recitation of the statements Vallejo made to him at Vallejo's residence was cumulative of testimony given by A.A. and Aide at trial. A.A. also testified that Vallejo came into her bedroom and that Aide walked in and pulled the covers off of A.A. She said that Vallejo would often come into her bedroom and tuck her in at night and sometimes she would ask him to lay with her in bed. Aide testified that she walked into A.A.'s bedroom that night and Vallejo was walking toward her, and then she pulled the covers off of A.A.

To the extent that Vallejo's comment that A.A. "sleeps loose" was descriptive of what she wears while sleeping, Aide testified that A.A. typically sleeps in shorts but does not wear underwear when she sleeps. Vallejo's comment was not otherwise defined, and its exact meaning is therefore unknown. As a result, although this particular comment was not cumulative of other testimony, we conclude that the jury's verdict was surely unattributable to this single, isolated, and ambiguous statement. More importantly, however, there was other competent evidence to support the convictions. Namely, A.A.'s testimony that she had engaged in sexual activity with Vallejo. Accordingly, even if allowing Vallejo's statements into evidence at trial was erroneous, we conclude that the error was harmless beyond a reasonable doubt.

*Motion in Limine.*

Vallejo also asserts that the district court erred in granting the State's motion in limine. At a hearing on the motion before the district court, Vallejo argued that if A.A. was planning to testify that she delayed disclosing the sexual abuse by Vallejo because no one asked her about it and she was not comfortable telling Aide, then the evidence the State sought to exclude was relevant to rebut A.A.'s testimony. In other words, Vallejo argued that the evidence covered by the motion in limine would show that A.A. did disclose to Aide that she believed she had been inappropriately touched by a cousin when she was younger, establishing that she was, in fact, comfortable sharing that type of information with Aide.

The district court initially reserved ruling on the motion. Although the actual ruling is not contained in our record, the parties agree that the court granted the motion, and the court referenced

its ruling during a break in the trial. Thereafter, Vallejo made an offer of proof in which A.A. explained that when she was 14 or 15 years old, she reported to Aide and Vallejo that she thought a cousin had touched her inappropriately when she was 4 or 5 years old, but she was unsure whether the incident actually occurred or whether it was a dream. Aide then took A.A. to a therapist, but A.A. refused to talk to the therapist, and Aide did all of the talking during the session. A.A. only saw the therapist on that one occasion.

Later during the trial, Vallejo asked the court to reconsider its ruling on the motion in limine. At that time, Vallejo noted that A.A. had testified during trial that she did not report the sexual abuse from Vallejo earlier because she did not know what they were doing was wrong until she began going to counseling after December 2015. Vallejo argued that therefore evidence of A.A.'s disclosure of potential sexual abuse when she was 4 or 5 years old showed that she did, in fact, have the presence of mind as to what was right and wrong and that the evidence was "subject to credibility impeachment." Vallejo also argued that the evidence showed that A.A. did have the type of relationship with Aide such that she could disclose this kind of information to her. Vallejo believed it would be "an impeachment issue, credibility issue." Although not explicitly stated, the district court apparently declined to reverse its previous ruling, and no evidence of prior sexual abuse was adduced at trial.

Here, on appeal, Vallejo argues that the evidence was admissible because it was relevant to show a "lack of consciousness of guilt" on his part. Brief for appellant at 27. He claims that there was no indication that when A.A. disclosed the prior sexual abuse he attempted to dissuade her from seeing a therapist, and if he, himself, had been sexually abusing her at that time, as A.A. claims he was, he would have made some effort to discourage A.A. from speaking with a licensed professional trained in matters related to child sexual abuse.

The State asserts that the argument Vallejo raises on appeal has not been preserved because it was not presented to the district court. We agree.

Appellate courts do not generally consider arguments and theories raised for the first time on appeal. *State v. Ortega*, 290 Neb. 172, 859 N.W.2d 305 (2015). When an issue is raised for the first time in an appellate court, it will be disregarded inasmuch as a lower court cannot commit error in resolving an issue never presented and submitted to it for disposition. *State v. Nadeem*, 284 Neb. 513, 822 N.W.2d 372 (2012). An issue not presented to or decided on by the trial court is not an appropriate issue for consideration on appeal. See *id*.

In *State v. Trotter*, 299 Neb. 392, 908 N.W.2d 656 (2018), the defendant offered into evidence at trial two photographs depicting the person he claimed committed the murders for which he was charged. He argued that the photographs depicted the man with a gun that was similar to the one described by the witnesses at trial and that the photographs were relevant because they were evidence that the man had possession of a similar weapon a few days before the murders occurred. The trial court refused to receive the photographs into evidence. On appeal, the defendant argued that the photographs were relevant because in them, the man was wearing a sweatshirt similar to the one which witnesses described the shooter as wearing and was carrying a gun similar to the one described by those witnesses. The Nebraska Supreme Court observed that the defendant did not argue at trial that the photographs were relevant because they showed the man wearing a

- 4 -

sweatshirt similar to the one worn by the shooter, and therefore, the defendant had not preserved that argument for appeal.

Likewise here, Vallejo raises a different relevance argument on appeal than he presented to the district court. There, he claimed that evidence of prior inappropriate touching was relevant to impeach A.A.'s testimony that she was unaware that the sexual contact with Vallejo was wrong and that she did not feel comfortable disclosing such information to Aide. On appeal, however, Vallejo argues that this evidence was relevant to show a "lack of consciousness of guilt" in that he did not dissuade A.A. from seeing a therapist to address the inappropriate touching that occurred 10 years earlier. Because Vallejo did not present this argument to the district court for consideration, it has not been preserved for appeal. We therefore decline to address it.

*Ineffective Assistance of Counsel.*

Vallejo asserts that he received ineffective assistance of counsel when his trial counsel failed to advise him to testify in his own defense at trial.

To prevail on a claim of ineffective assistance of counsel, the defendant must show that counsel's representation fell below an objective standard of reasonableness and, but for counsel's deficient performance, there is a reasonable probability that the result of the trial would have been different. *State v. Nolt*, 298 Neb. 910, 906 N.W.2d 309 (2018). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id*.

The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *Id*. The determining factor is whether the record is sufficient to adequately review the question. *Id*. An ineffective assistance of counsel claim will not be addressed on direct appeal if it requires an evidentiary hearing. *Id*.

A defendant has a fundamental constitutional right to testify. *State v. Iromuanya*, 282 Neb. 798, 806 N.W.2d 404 (2011). The right to testify is personal to the defendant and cannot be waived by defense counsel's acting alone. *Id*. But a trial court does not have a duty to advise the defendant of his or her right to testify or to ensure that the defendant waived this right on the record. *Id*. Instead, defense counsel bears the primary responsibility for advising a defendant of his or her right to testify or not to testify, of the strategic implications of each choice, and that the choice is ultimately for the defendant to make. *Id*. The competence and soundness of defense counsel's tactical advice is crucial to whether counsel has presented sufficient information to the defendant to permit a meaningful voluntary waiver of the right to testify. *Id*.

In the present case, Vallejo alleges that he consulted with trial counsel, who advised that he not testify. The contents of this conversation are not contained in the record before us, and Vallejo did not waive his right to testify on the record. We are therefore unable to determine whether trial counsel did, in fact, advise Vallejo not to testify and whether such advice was competent such that Vallejo could make a meaningful and voluntary waiver of his right to testify. Accordingly, the record is insufficient to address this claim on direct appeal.

CONCLUSION

For the foregoing reasons, we affirm Vallejo's convictions and sentences.

AFFIRMED.